IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RONALD JASON MANN, #254 475, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:18-CV-1036-WHA |
| | ) | [WO] |
| WARDEN HENLINE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Donaldson Correctional Facility filed this action on December 12, 2018, under 42 U.S.C. § 1983. Plaintiff filed an affidavit in support of a motion for leave to proceed *in forma pauperis*. The motion, however, did not include the required documentation from the inmate account clerk. The court, therefore, did not have the information necessary to determine whether Plaintiff should be allowed to proceed *in forma pauperis* in this case and entered an order on December 14, 2018, requiring Plaintiff to provide the court with this information on or before January 7, 2019. Doc. 3. Because the documentation submitted by Plaintiff in response to the December 14 order did not contain the necessary information, by order of January 16, 2019, the court granted Plaintiff additional time to provide the correct inmate account information. Doc. 5. Plaintiff responded to the January 16, 2019, order on February 4, 2019, but the document provided by Plaintiff once again failed to comply with the information requested in the December 14, 2018, order. The court entered an order February 12, 2019, granting Plaintiff a further opportunity to provide the appropriate account information. Doc. 7. Plaintiff was specifically cautioned that failure to comply with the court's orders would result in a recommendation that this case be dismissed.

The requisite time has passed and Plaintiff has not complied with the court's February 12, 2019, order. The court, therefore, concludes that this case is due to be dismissed. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal*, 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failures to comply with the order of the court and to prosecute this action.

It is ORDERED that **on or before April 30, 2019**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 16th day of April 2019.

    /s/   Charles S. Coody
UNITED STATES MAGISTRATE JUDGE